## CITY LOAN AND SAVINGS CO., Plaintiff-Appellee, v. WHITE, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3889.   Decided January 22nd, 1947.

Robert R. Shaw, Columbus, for plaintiff-appellee.
B. N. Murray, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of the plaintiff for $635.41, interest and costs. Three errors are assigned, the first and second of which may be considered together. The first is that the Court abused its discretion in permitting Benjamin Bowen, a witness of the plaintiff, to remain in the court room during trial over the objection of the defendant after an order of separation of witnesses; and the second, abuse of discretion in permitting the witness Bowen to testify.

The ruling of the Court was strictly in accord with the well recognized and approved procedure in trial courts. It fairly appeared that Mr. Bowen was the representative of the plaintiff company most familiar with the facts which were germane to the question presented for determination. Counsel for party is entitled to the benefit of information and advice of such a person during trial even though he may be a witness.

The third error assigned is that the judgment is against the manifest weight of the evidence in that it should have been for the sum of $335.41 instead of $635.41. The one and only issue raised by the pleadings was that which is urged in the third assignment of error. No question is raised as to the right of the plaintiff mortgagee to take possession of the automobile involved and to sell it under the terms of its mortgage. In so doing it was obligated to make the sale promptly, fairly and openly and in good faith and to obtain the best price under these circumstances. **Clark v Studebaker Corporation, 7 Abs 428; First Discount Corporation v Daken, 75 Oh Ap 33.**

Upon the record the trial court had a right to resolve all these questions in favor of the plaintiff. There was evidence to effect that at certain times there had been offers for the mortgaged automobile at a price in excess of that for which it was eventually sold but the trial judge may have found, as he could properly have done under the evidence, that, either none of these offers was made to or brought to the attention of any person which would have charged the plaintiff company with knowledge of said offer, or the offers were made to the mortgagor at a time or when he was in possession of and had full right to sell the automobile.

We have examined the testimony to which attention is

specifically drawn in appellant's brief but upon a fair consideration of the whole record, it may not be said by this Court that the judgment is against the manifest weight of the evidence. It will, therefore, be affirmed.

WISEMAN and MILLER, JJ, concur.